### NORTHEASTERN JUNIOR COLLEGE, Employer,

and

### State Compensation Insurance Authority, Insurer/Petitioners–Appellants,

v.

### James W. KENYON, Claimant,

and

### Industrial Claim Appeals Office, Respondents–Appellees.

### No. 89SC159.

Supreme Court of Colorado, En Banc.

Dec. 4, 1989.

Anderson, Campbell, and Laugesen, P.C., Janice M. Finch, Denver, for petitioners Northeastern Junior College and State Compensation Ins. Authority.

Blackman & Levine, Tama L. Levine, Denver, for claimant James W. Kenyon.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Denver, for respondent Industrial Claim Appeals Office.

PER CURIAM.

We granted certiorari, pursuant to C.A.R. 50, to review a decision of the Industrial Claim Appeals Panel prior to the entry of judgment by the court of appeals. In *Kenyon v. Northeastern Junior College*, the panel held that James Kenyon, a worker who sustained an industrial injury prior to July 1, 1987, and was found to be in need of a vocational rehabilitation program after undergoing a vocational rehabilitation evaluation conducted subsequent to Kenyon's attainment of maximum medical improvement, was entitled to receive temporary disability benefits until such time as Kenyon actually commenced his vocational rehabilitation program. Based on our decision in *Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo.1989), we affirm the panel's decision.

In *Allee*, we held that when a worker has suffered a disabling injury prior to July 1, 1987, and has been previously awarded temporary disability benefits and has also been directed, subsequent to his attainment of maximum medical improvement, to undergo a vocational rehabilitation evaluation, the worker is entitled to receive temporary disability benefits until such time as a worker actually commences a vocational rehabilitation program or an administrative determination is made that vocational rehabilitation is unnecessary to render the worker fit for a remunerative occupation. *Allee*, at 282–283. The decision of the Industrial Claim Appeals Panel is accordingly affirmed.